## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**JUANITA ROMERO,**

**CIVIL ACTION NO.**

**PLAINTIFF,**

2:07-CV-936-

**V.**

**HYUNDAI MOTOR
MANUFACTURING
ALABAMA, LLC,**

**DEFENDANT.**                                    **TRIAL BY JURY REQUESTED**


### COMPLAINT

**I.      JURISDICTION**

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,

1343(4), 28 U.S.C. §§ 2201, 2202.  This suit is authorized and instituted pursuant to

Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended,

the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e *et seq.* (Title VII), and 42 U.S.C.

§1981.  The jurisdiction of this Court is invoked to secure protection of and redress

deprivation of rights secured by Title VII providing for injunctive and other relief

against sex harassment, and pendent state claims.

2.      Plaintiff timely filed her charge of discrimination with the Equal

Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act ("Exhibit A").   Plaintiff further filed this lawsuit within ninety (90)

days after receipt of the right-to-sue letter issued by the EEOC ("Exhibit B").

## II.     PARTIES

3.     Plaintiff, Juanita Romero, (hereinafter "Plaintiff") is a citizen of the

United States and a resident of Clanton, Chilton County, Alabama.   Plaintiff was

employed by Defendant its Montgomery County, Alabama location.

4.     Defendant, Hyundai Motor Manufacturing Alabama, LLC (hereinafter

"Defendant") is a corporation doing business in Alabama and is an entity subject to suit

under Title VII  known as the "Civil Rights Act of 1964."   Defendant employs at least

fifteen (15) persons.

## III.    STATEMENT OF FACTS

5.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4

above.

6.     Plaintiff began for Defendant on May 23, 2005 in production control.

Plaintiff was terminated on February 2, 2007.

7.     During the course of Plaintiff's employment she was subjected to sexual

harassment by her team leader, Mike Murray, and by a co-worker, Dale Posey.

8.     Murray subjected Plaintiff to a non-consensual, offensive sexual touching

by grabbing her rear end in September, 2005.   Plaintiff reported the incident soon

2

thereafter to Team Relations (Human Relation). Plaintiff spoke with three individuals in Team Relations over two meetings. Plaintiff reported the touching, together with the daily sexual comments by Murray that she found offensive and had asked Murray to stop to no avail.

9.      Plaintiff was told there would be an investigation.

10.     At the end of the investigation, Plaintiff was told that "our team managers have not been given the proper training; therefore, they cannot be held responsible."

11.     After complaining about sexual harassment by Murray to Team Relations, Plaintiff was returned to work for the same individual.

12.     Murray continued to make almost daily sexual comments along the same nature that Plaintiff had previously reported.

13.     After complaining about the sexual harassment, Defendant moved Plaintiff's brother-in-law, Johnny Nunn, with whom she rode to work each day, to another area under a claimed policy that family members could not work together. This was not true. The policy does not say this and Defendant allows other family members to work together. The purpose of the move was simply to retaliate against Plaintiff.

14.     After complaining about sexual harassment, Plaintiff was not allowed to go to her sister's wedding, even though she had the days available to take off. The

3

groom, Plaintiff's brother-in-law, was only allowed one-half day to attend his own wedding.

15.    In June, 2006, a co-worker, Dale Posey, made several sexually offensive, and false remarks about Plaintiff having engaged in sex with virtually everybody on her team, and that she was now working on the truck drivers.  Posey had been transferred to Plaintiff's area from another area of the plant because he had sexually harassed a co-worker there.  The remarks by Posey were heard by Murray, who reported them to Team Relations.

16.    Plaintiff was called to Team Relations shortly after Murray reported Posey's comments.  Plaintiff was asked what happened, and Team Relations said Team Relations would investigate.   During the investigation, Team Relations took unfounded, untrue accusations by Posey about Plaintiff and investigated them instead.

17.    Team Relations called in a number of co-workers to see if Plaintiff had engaged in any inappropriate conduct, even asking if Plaintiff and these co-workers had slept together on their own time. Despite Defendant's best efforts it was unable to come up with any evidence of misconduct by Plaintiff because there was none.

18.    At the end of the investigation, Defendant reported to Plaintiff that they did not have enough evidence on Posey (whom they supposedly investigated), even

4

though there were several witnesses to his comments, including Posey was transferred without discipline, out of Plaintiff's area at his request shortly thereafter.

19.    The month after this "investigation," the Assistant Manager, Acres, wrote Plaintiff up for "talking about the case," meaning Posey. This was untrue, and Plaintiff told Acres so, telling him that if anybody was talking about it, it was Posey. Plaintiff was the only one written up.

20.    In August, 2006, Plaintiff was denied overtime. Plaintiff complained, but nothing was done.

## IV.    COUNT ONE – SEXUAL HARASSMENT (TITLE VII)

21.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 above with the same force and effect as if fully set out in specific detail below.

22.    Throughout Plaintiff's employment, she was subjected to unwanted sexual comments and touchings by a co-worker, Posey and management, Murray.

23.    Plaintiff complained to management about the sexual harassment by both her supervisor and her co-worker. Despite her complaints, the sexual harassment continued.

24.    Plaintiff was subjected to a sexually hostile work environment because of the pervasive sexual comments and acts of Murray and Posey in violation of Title VII.

5

25.    As a result of being exposed to a sexually hostile work environment, Plaintiff suffered mental anguish.

## V.    COUNT TWO – RETALIATION (Title VII)

26.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 above with the same force and effect as if fully set out in specific detail below.

27.    Plaintiff complained about the sexual comments and acts of Murray to no avail.

28.    In June of 2006, Plaintiff was questioned about the sexual comments of a co-worker, Dale Posey.

29.    Instead of management seriously investigating what Posey did, they investigated Plaintiff, seeking evidence to use to terminate Plaintiff's employment.

30.    Defendant did not take any action against Posey, other than transferring him, in spite of the numerous witnesses against him.

31.    One month after this "investigation," Plaintiff was falsely accused of talking about the case, and written up.  Yet, Posey was not when he was the one who committed the infraction.

32.    In August, 2006, Plaintiff complained of not being paid overtime.

33.    After Plaintiff filed her original EEOC charge on October 20, 2006, she was subjected to retaliation at work.

6

34.    On February 2, 2007, Plaintiff was terminated for the claimed reason of an attendance issue.

35.    Company policy allows for bereavement days. One of Plaintiff's uncles died, which would have come under the bereavement policy. When Plaintiff asked for time off to attend his funeral, she also said that if there was a problem with getting a bereavement day, she wanted to use one of her personal days. Plaintiff had several personal days available that would have allowed her to take that day off.

36.    Plaintiff was given permission to take off for the funeral. When Plaintiff returned, she was told that the bereavement day was not approved after she had left, and therefore, she was terminated for being absent even though she had no way of knowing about the non-approval. This was in violation of the company policy and was done in retaliation for Plaintiff's previous complaints about sexual harassment, and for her EEOC charge, which was served upon Defendant less than three months before, as well as Plaintiff's previous complaint about retaliation.

37.    As a result of Defendant's actions against Plaintiff, she has been damaged suffering loss of pay and other benefits, and mental anguish.

## VI.    COUNT THREE – INVASION OF PRIVACY

38.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 above with the same force and effect as if fully set out in specific detail below.

7

39.    Plaintiff's claims are brought against Defendant for the actions of its employees, Murray and Posey.

40.    The unwanted sexual harassment Plaintiff received violated her privacy by exposing her to unwanted sexual comments and touchings.

41.    Defendant, authorized, ratified and/or condoned the actions of its employees, which amounted to invasion of privacy.

42.    By reason of each and every act of Murray and Posey, Plaintiff was subjected to invasion of privacy, causing Plaintiff to suffer mental anguish.

## VII.  COUNT FOUR – NEGLIGENT SUPERVISION & RETENTION

43.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 above with the same force and effect as if fully set out in specific detail below.

44.    After Plaintiff complained to Defendant about the sexually hostile working environment she was exposed to, Defendant failed to end the hostile working environment and continued to allow a sexually hostile work environment to permeate the workplace.

45.    Defendant negligently supervised and/or retained the employees who sexually harassed Plaintiff.

46.    As a result of the illegal conduct of Defendant, Plaintiff has been caused to suffer mental anguish.

8

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

A.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII, and pendent state claims.

B.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and pendent state claims.

C.    Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory, punitive damages and/or nominal damages, injunctive and declaratory relief, and benefits.

Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

DAVID R. ARENDALL

ALLEN D.  ARNOLD

9

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:

Hyundai Motor Manufacturing Alabama, LLC
c/o Richard E. Neal
Agent for Service of Process
700 Hyundai Blvd
Montgomery, AL 36105

10

# EXHIBIT "A"

# TO

# COMPLAINT

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | FEPA<br><br>X EEOC | 420-2007-00370 |

_____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)*<br>Ms. Juanita Romero | HOME TELEPHONE *(Include Area Code)*<br>(205) 755-9944 |
|---|---|
| STREET ADDRESS        CITY, STATE AND ZIP CODE<br>111 Coker Street, Clanton, AL 35045 | DATE OF BIRTH<br>03/06/81 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>Hyundai | NUMBER OF EMPLOYEES, MEMBERS<br><br>**Over 15** | TELEPHONE *(Include Area Code)*<br>(334) 387-8553 |
|---|---|---|
| STREET ADDRESS        CITY, STATE AND ZIP CODE<br>700 Hyundai Blvd, Montgomery, Alabama | | COUNTY |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS        CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*<br><br>RACE        COLOR        **SEX  HARASSMENT  XX**<br><br>RELIGION        NATIONAL ORIGIN        **RETALIATION  XX**<br><br>AGE        DISABILITY<br><br>OTHER *(Specify)* | DATE FIRST  or CONTINUING DISCRIMINATION TOOK PLACE<br>AND DATE LAST DISCRIMINATION TOOK PLACE *(Month/Day/Year)*:<br><br>FIRST:<br><br>LAST: |
|---|---|

**THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):**
**Please see following page for particulars.**

SSN:    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              Sex:        Female            Race:  Puerto Rician

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | **NOTARY** - (When necessary for State and Local Requirements)<br><br>*Carolyn Zeigler*<br>Notary signature |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*Juanita Romero*<br>Juanita Romero<br>Charging Party *(Signature)*<br><br><br>Date: _____ | *Juanita Romero*<br>Juanita Romero<br>SIGNATURE OF COMPLAINANT<br><br>**SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)**<br><br>Date:  10-7-06 |

EEOC FORM 5 (Rev. 06/92)

EEOC Charge of Juanita Romero
Social Security Number: 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

1. I began work with Respondent on May 23, 2005 in production control. At all times, I have done my job duties in at least a competent manner.

2. During the course of my employment I have been subjected to sexual harassment by my team leader, Mike Murray, and by a co-worker, Dale Posey.

3. Murray subjected me to a non-consensual, offensive sexual touching by grabbing my rear end in September, 2005. I reported the incident soon thereafter to Team Relations (HR). I reported this to three individuals in Team Relations over two meetings. I reported the touching, together with the daily sexual comments by Murray that I found were offensive and asked him to stop to no avail. At the end of the investigation, such as it was, in September, I was told by Team Relations that "our team managers have not been given the proper training; therefore they cannot be held responsible."

4. After complaining about sexual harassment about my Team Leader to Team Relations I was returned to work for the same individual. Since that time he has continued to make almost daily sexual comments along the same nature that I had previously reported.

5. After complaining about sexual harassment, Respondent moved my brother-in-law, Johnny Nunn, with whom I rode to work each day to another area under a claimed policy that family members could not work together. This is not true. The policy does not say this, and Respondent allows other family members to work together. The purpose of the move was simply to retaliate against me.

6. After complaining about the sexual harassment, I was not even allowed to go to my sister's wedding, even though I had the days available to take off. My brother-in-law was allowed one-half day to attend his own wedding.

7. Several months after the initial complaint of sexual harassment, I complained about a Team member, Allen Turner telling me that "if Hyundai wanted to get the job done right they would have hired a wet back instead of a spick," referring to my national origin from Puerto Rico. I reported this to my Team Manager, Murray. To my knowledge no discipline was implemented against Turner.

8. In June, 2006 a co-worker, Dale Posey, made several sexually offensive remarks about my having engaged in sex with virtually everybody on my team, and that I was now working on the truck drivers. Posey had been transferred from another area of the plant because he had sexually harassed a co-worker there. The remarks by Posey were heard by Murray, who reported them to Team Relations.

Page 3·
EEOC Charge of Juanita Romero
Social Security Number:  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

9. I was called to Team Relation shortly after Murray reported Posey's comments.  I was asked what happened and they said they would investigate.  During the investigation they took unfounded, untrue accusations by Posey and investigated them instead.  They called in a number of co-workers to see if I had engaged in any inappropriate conduct with them, even asking if me and these co-workers if we had slept together on our own time.

10. At the end of the investigation, Respondent reported to me that they did not have enough evidence on Posey to do anything, even though there were several witnesses and my own Team Leader reported what he had heard.  Posey transferred out of my area at his request shortly thereafter.

11. The month after this "investigation" Acres, the Assistant Manager, wrote me up for "talking about the case.  This was untrue, and I told Acres so, telling him that if anybody was talking about it it was Posey.  I was written up, but no one else was.

12. In August, 2006, I was denied overtime, complained, but yet nothing has been done.

13. I believe that I have been the victim of sexual harassment in violation of Title VII of the Civil Rights Act of 1964.  Further, I believe that Respondent has been engaged in a campaign of retaliation against me on a regular, repeated basis since my complaints of sexual harassment by two co-workers.

_____
Juanita Romero

The foregoing instrument was acknowledged before me on ___10-7-06___ Carolyn Zeigler ___ by Juanita Romero.

_____
Notary Public

My commission expires: _11-21-07_