**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JUANITA ROMERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 2:07-cv-00936-MEF |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

**ANSWER OF DEFENDANT HYUNDAI MOTOR MANUFACTURING
ALABAMA, LLC TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), and for answer to the enumerated paragraphs of Plaintiff's Complaint, states as follows:

**I.   Response to Jurisdiction Allegations**

1.   HMMA admits that Plaintiff seeks to assert claims under the statutes cited but denies that Plaintiff has any valid claims under these statutes. HMMA further admits that this Court has subject matter over the Plaintiff's federal claims and supplemental jurisdiction over Plaintiff's state law claims. HMMA again denies that Plaintiff has valid claims against it under either federal or state law.

2.   HMMA admits that Plaintiff filed her charge of discrimination with the EEOC on or about October 20, 2006 and amended her charge, which was processed by the EEOC on or about February 27, 2007. Said charge bears the administrative charge number 420-2007-00370. HMMA denies that Plaintiff can bring suit for federal claims based on any alleged employment actions that occurred more than 180 days prior to the filing and/or amendment of her charge.

HMMA admits that the EEOC issued a Right-to-Sue Notice on August 8, 2007. The remaining allegations contained in paragraph 2 of Plaintiff's Complaint are denied.

## II.     Response to Parties Allegations

3.     HMMA admits it employed Plaintiff at its Montgomery facility. HMMA admits Plaintiff is a U. S. citizen. HMMA is without information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 3 of Plaintiff's Complaint and therefore denies them.

4.     Defendant pleads that it is organized as a limited liability corporation ("LLC") and therefore denies the allegation that it is a "corporation." Defendant admits the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

## III.    Response to Fact Allegations

5.     HMMA adopts and incorporates its previous responses as if set forth in full herein.

6.     Admitted.

7.     Denied.

8.     HMMA admits that, in October 2005, Plaintiff complained to HMMA's Team Relations department regarding Murray, however, HMMA denies that Plaintiff's complaint against Murray was in any way related to alleged touching and/or offensive comments. The remaining allegations contained in paragraph 8 of Plaintiff's Complaint are denied.

9.     Admitted.

10.    Denied.

11. HMMA denies that Plaintiff ever complained to its Team Relations department regarding any alleged sexual harassment by Murray and therefore denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Denied.

13. HMMA denies that Plaintiff complained about sexual harassment and denies that it in any way retaliated against Plaintiff. HMMA further denies that any alleged re-assignment of Nunn was either retaliatory or not authorized by company policy.

14. Denied.

15. HMMA is without information sufficient to form a belief regarding what, if any, sexually offensive and false remarks Posey made to Plaintiff and therefore denies them. HMMA admits that Murray reported Posey to the Team Relations department. HMMA denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16. HMMA admits that Plaintiff was interviewed in connection with the Team Relations department's investigation of Posey's alleged misconduct. HMMA denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Denied.

18. Denied.

19. HMMA admits that Plaintiff was verbally warned about sharing confidential investigation information with other Team Members. HMMA denies that this verbal warning constituted any adverse employment action against Plaintiff. HMMA denies the remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Denied.

## IV.   Response to Count One: Title VII Sexual Harassment

21.   HMMA adopts and incorporates by reference its previous responses to all of Plaintiff's allegations.

22.   Denied.

23.   Denied.

24.   Denied.

25.   Denied.

## V.   Response to Count Two: Title VII Retaliation

26.   HMMA adopts and incorporates by reference its previous responses to all of Plaintiff's allegations.

27.   Denied.

28.   HMMA admits that Plaintiff was asked to participate in its June, 2006 investigation of Posey's alleged misconduct. Unless expressly admitted, the remaining allegations in paragraph 28 of Plaintiff's Complaint are denied.

29.   Denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   HMMA admits that Plaintiff's employment was terminated on February 2, 2007, for excessive absenteeism and for submitting a falsified Bereavement Form. Unless expressly admitted, the remaining allegations in paragraph 34 of Plaintiff's Complaint are denied.

35. HMMA admits that it maintains a Bereavement Leave Policy. The remaining allegations contained in paragraph 35 of Plaintiff's Complaint are denied.

36. HMMA admits that Plaintiff's request for bereavement leave was originally granted. However, when Plaintiff failed to document her relationship to the deceased and it was learned that Plaintiff submitted false information, this absence was no longer considered "excused" under HMMA's attendance policy. Unless expressly admitted, the remaining allegations contained in paragraph 36 of Plaintiff's Complaint are denied.

37. Denied.

## VI. Response to Count Three: Invasion of Privacy

38. HMMA adopts and incorporates by reference its previous responses to all of Plaintiff's allegations.

39. These allegations require no response from HMMA. Out of an abundance of caution, the allegations contained in paragraph 39 of Plaintiff's Complaint are denied.

40. Denied.

41. Denied.

42. Denied.

## VII. Response to Count Four: Negligent Supervision and Retention

43. HMMA adopts and incorporates by reference its previous responses to all of Plaintiff's allegations.

44. Denied.

45. Denied.

46. Denied.

**VIII.    Response to Prayer for Relief**

47.    HMMA denies that Plaintiff is entitled to any of the relief requested in the section of her Complaint styled "Prayer for Relief," or in its sub-paragraphs A – C, or to any other relief from it.

## ADDITIONAL DEFENSES

In addition to the foregoing, HMMA asserts the following defenses:

### FIRST DEFENSE

The complaint fails in whole or in part to state a claim upon which relief can be granted.

### SECOND DEFENSE

With regard to any allegations in the Complaint that involve incidents or actions by HMMA alleged to have occurred or that in fact did occur more than 180 days prior to Plaintiff's filing of a charge (original or amended) with the EEOC, said filing was untimely, and the conditions precedent for suit have not been satisfied.

### THIRD DEFENSE

With regard to any allegations in the Complaint alleging discriminatory practices of HMMA not specifically contained in the charge that Plaintiff filed with the EEOC or not set out in said charge with the particularity necessary to give HMMA proper notice of the date, place and circumstances of the particular practices alleged to be discriminatory, the conditions precedent for suit under Title VII have not been satisfied.

### FOURTH DEFENSE

As discovery proceeds, HMMA reserves the right to raise the defense that Plaintiff has failed to satisfy the statutory conditions precedent to suit.

**FIFTH DEFENSE**

All actions taken in regards to the Plaintiff were based upon legitimate, nondiscriminatory and nonretaliatory reasons.

**SIXTH DEFENSE**

Although HMMA denies Plaintiff's sex, or exercise of civil rights, or any supposed exercise of rights under Title VII were determinative or substantial motivating factors in any adverse employment action which may be found to have occurred, if Plaintiff demonstrates that her protected characteristic was such a factor, in the case of each such decision or alleged adverse employment action, HMMA will show that the same decision would have been reached regardless of the Plaintiff's protected characteristic.

**SEVENTH DEFENSE**

Plaintiff cannot establish a prima facie case of discrimination, harassment or retaliation.

**EIGHTH DEFENSE**

Even if Plaintiff could state a prima facie case of harassment, discrimination or retaliation, she cannot establish that the HMMA's legitimate, non-discriminatory reasons for its actions were a pretext for an intent to discriminate or retaliate against her on the basis of her membership in a protected class, her exercise of civil rights, or to violate the Title VII.

**NINTH DEFENSE**

Plaintiff is barred as a matter of law from recovering for a hostile work environment or harassment based claim because HMMA exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by HMMA or to avoid harm otherwise.

**TENTH DEFENSE**

At all times relevant to this suit, HMMA maintained a policy prohibiting unlawful harassment, discrimination or retaliation and allowing Plaintiff to seek redress or any alleged harassing, discriminatory or retaliatory treatment. Plaintiff failed to make any timely complaint of such alleged treatment, and Plaintiff's claims against HMMA are thereby barred.

**ELEVENTH DEFENSE**

To the extent Plaintiff is unable to prove that HMMA knew or should have known of the harassment and that HMMA failed to take prompt remedial action, she is barred from recovering from HMMA. See Henson v. City of Dundee, 682 F. 2d 897 (11th Cir. 1982); Dhyne v. Meiners Thriftway, Inc., 184 F. 3d 983 (8th Cir. 1999).

**TWELFTH DEFENSE**

To the extent HMMA discovers during the course of this action that Plaintiff engaged in any conduct that would have warranted discharge under the Company policy, Plaintiff's right to recover damages beyond the date of such discovery will be cut off. See McKennon v. Nashville Banner Publishing Co., 513 U.S. 352 (1995).

**THIRTEENTH DEFENSE**

The Plaintiff's compensatory and punitive damages claims under Title VII are subject to the limitations imposed by 42 U.S.C. § 1981a.

**FOURTEENTH DEFENSE**

HMMA denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff or has been guilty of any conduct which entitled the Plaintiff to recover punitive damages.

### FIFTEENTH DEFENSE

Punitive damages are not available because the actions alleged in the Complaint were contrary to HMMA's policies and good faith efforts to comply with the laws.

### SIXTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct for which HMMA is liable as a matter of law.

### SEVENTEENTH DEFENSE

No action of HMMA proximately caused any injury or damage allegedly suffered by the Plaintiff.

### EIGHTEENTH DEFENSE

To the extent any alleged unlawful touching was consensual, there is no violation of state or federal law.

### NINETEENTH DEFENSE

Plaintiff's negligence claim is barred by her own negligence.

### TWENTIETH DEFENSE

To the extent Plaintiff seeks to assert a claim for invasion of privacy against HMMA, Plaintiff cannot establish such a claim because she cannot prove that an agent of HMMA intruded into the Plaintiff's physical solitude or seclusion and she cannot prove any of the other necessary elements of a claim for invasion of privacy.

## TWENTY-FIRST DEFENSE

Plaintiff's state law claims are subject to the requirements of proof and limitations placed on the award of damages under the Alabama Code.

## TWENTY-SECOND DEFENSE

Some or all of the Plaintiff's claims are barred by the "at-will" employment doctrine.

## TWENTY-THIRD DEFENSE

Plaintiff's punitive damage claims under Alabama law are subject to the limits and restrictions established by the Alabama Legislature, as set forth in, inter alia, Ala. Code §§ 6-11-20 to 6-11-30.

## TWENTY-FOURTH DEFENSE

HMMA avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to the HMMA under the Constitution of the United States of America and the State of Alabama.

## TWENTY-FIFTH DEFENSE

To the extent any unlawful conduct is found to have been committed by any agent of HMMA, HMMA should not be held liable because the conduct was outside the line and scope of the agent's employment, and the agent did not act with express or implied authority, and HMMA did not ratify or approve any unlawful conduct.

## TWENTY-SIXTH DEFENSE

Upon discovery of sufficient facts, HMMA reserves the right to raise the defense of "unclean hands" or "after-acquired evidence."

## TWENTY-SEVENTH DEFENSE

Plaintiff has failed to mitigate her damages.

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable period of limitations or the doctrine of laches.

## TWENTY-NINTH DEFENSE

Some or all of the Plaintiff's claims may be barred by the doctrines of estoppel or waiver.

## THIRTIETH DEFENSE

Plaintiff has failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure, therefore, she is barred from any recovery of special damages.

## THIRTY-FIRST DEFENSE

Any factual assertions or allegations made in Plaintiff's Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

## THIRTY-SECOND DEFENSE

Defendant states that discovery has just begun in this matter and it reserves the right to amend its answer to state additional defenses up to and including the time of trial.

/s/ J. Trent Scofield
Bar Number: SCO-024

/s/ T. Scott Kelly
Bar Number: KEL-053

J. Trent Scofield
T. Scott Kelly
OGLETREE, DEAKINS, NASH
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
trent.scofield@odnss.com

ATTORNEYS FOR DEFENDANT
HYUNDAI MOTOR MANUFACTURING
ALABAMA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2007, I electronically filed the foregoing *Defendant's Answer to Plaintiff's Complaint* in Romero v. Hyundai Motor Manufacturing Alabama, LLC (2:07-cv-00936-MEF) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: David R. Arendall and Allen D. Arnold.

/s/ J. Trent Scofield
Bar Number: asb-1191-e67j

J. Trent Scofield
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL  35203-2118
Telephone:  (205) 328-1900
Facsimile:   (205) 328-6000
trent.scofield@odnss.com