**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JUANITA ROMERO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| **v.** ) | **2:07-cv-00936-TFM** |
| ) | |
| **HYUNDAI MOTOR** ) | |
| **MANUFACTURING ALABAMA, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

The parties jointly move the Court for entry of a Protective Order, a copy of which is attached as Exhibit "A" and is necessary due to the discovery which is anticipated in this case.

In support of their Motion, the parties state:

1.  Through discovery, plaintiff seeks production of personnel files, investigatory files and other personnel information of some of Defendant's employees as well as proprietary and financial information. Plaintiff's income tax records and limited medical records will also be disclosed.

2  The attached Protective Order is designed to protect the legitimate confidentiality and privacy expectations of both parties.

This Joint Motion for Protective Order along with Exhibit "A" is respectfully submitted this the 22nd day of April, 2008.

**THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE AND HAVE AGREED THAT:**

**T. Scott Kelly will e-file the foregoing Joint Motion and Proposed Order. Specifically, the above is agreed to by:**

| FOR PLAINTIFF | FOR DEFENDANT |
|---|---|
| s/ Allen D. Arnold | s/ T. Scott Kelly |
| David R. Arendall | J. Trent Scofield |
| Allen D. Arnold | T. Scott Kelly |
| Arendall & Associates | Ogletree, Deakins, Nash, Smoak & Stewart |
| 2018 Morris Avenue, Third Floor | One Federal Place, Suite 1000 |
| Birmingham, AL 35203 | 1819 Fifth Avenue North |
| | Birmingham, AL 35203-2118 |

5313978.1

*EXHIBIT A*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JUANITA ROMERO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **2:07-cv-00936-MEF** |
| ) | |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**AGREED PROTECTIVE ORDER**

Plaintiff, Juanita Romero, has served Interrogatories, Requests for Admission and Requests for Production of Documents to Defendant, Hyundai Motor Manufacturing Alabama, LLC. Defendant contends that certain requested information and documents are confidential and otherwise proprietary to Defendant. To facilitate discovery in this lawsuit, and to protect Defendant's interest in the confidentiality of proprietary or other business sensitive matters, trade secrets, and personnel information, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the parties hereto, pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby stipulate and agree that documents and information produced by the parties to this action shall be subject to the following terms and conditions of this Agreed Protective Order ("Order"):

1.    All documents and information produced in this action by Defendant shall be considered and designated as confidential and shall be subject to the provisions of this Order.

All copies of such documents and information then or at any time thereafter in the possession or control of any party to this Order shall be subject to the provisions of this Order.

2.   Documents and information so designated confidential in accordance with this Order shall be maintained in the strictest confidence in accordance with the terms of this Order and shall be used **solely for the purpose of this action or appeal** and shall not be used for any commercial, business, or other purpose whatsoever, except upon the prior written consent of Defendant and by order of this Court. Confidential documents or information shall not be disclosed to any person other than (a) counsel to any party to this Order; (b) the clerical, paralegal staff, or other support staff of such counsel to this action employed during the preparation for and trial of this action; (c) the parties to this Order and the principals, officers, agents and employees of a party; (d) persons retained by any party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees), consistent with this Order; (e) deponents and court reporters in this action; (f) the Court, Court personnel and jurors; and (g) potential witnesses or consultants, including those at trial, consistent with this Order. Confidential documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (g) of this paragraph. In no event, however, shall any document or information designated as confidential be disclosed to any employee, agent, or representative of a known competitor of the Defendant or anyone under contract or consulting agreement with a known competitor of Defendant.

3.   Counsel for the Plaintiff and Defendant will abide by, and be bound by, the provisions of this Protective Order, and will use due care to ensure that the provisions of this

Protective Order are known and adhered to by any person to whom counsel discloses confidential documents or information, including his/her clients, all persons under the counsel's supervision and/or control, experts and consultants, and any person, firm or corporation who has been retained by the counsel to act on the Plaintiff's behalf in connection with this litigation. Notwithstanding the foregoing, nothing in this Order shall be construed to create any vicarious civil or criminal liability for any counselor his/her firm for any violation of this Protective Order by any employee, agent, servant, expert, consultant; or any individual employed to assist in the preparation of this case for trial.

4. If a question arising at a pretrial deposition calls for an answer containing confidential information, or if the question contains confidential information, counsel for Defendant shall, either at the deposition itself or within thirty (30) days after receipt of the transcript thereof, notify all counsel of record that the information provided in such answer or questions is considered confidential and shall so designate the specific portions of the deposition transcript that shall be subject to the provisions of this Order immediately following the notification.

5. If a party objects to the designation of any document or information as confidential, Counsel for the objecting party shall notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an order denying confidential treatment of the documents or information in question. If such a motion is filed, the document or information shall be kept confidential pending ruling on the motion.

6. The terms of this Protective Order shall not terminate at the conclusion of this action. Upon Defendant's counsel's written request, within twenty-eight (28) days after final termination of all aspects of this action, including any appeals, all documents and materials marked "Confidential" all copies of same and all summaries or excerpts thereof shall be returned to counsel for Defendant. Counsel for Plaintiff and any person who receives confidential documents pursuant to paragraph 2(d) or (g) each shall make written certification of compliance with this paragraph and shall deliver the certification to counsel for the Defendant not more than thirty-five (35) days after final termination of this action.

7. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, confidential; (b) prejudice in any way the right of any party to seek a Court determination of whether it should remain confidential and subject to the terms of this Order. Any party to this Order may request the Court to grant relief from any provision of this Order.

8. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection or any other privilege.

9. It is recognized by the parties to this Order due to the exigencies of providing numerous documents and the taking of testimony, documents or testimony may be designated erroneously as confidential, or documents or information which are entitled to confidential treatment may erroneously not be designated as confidential. The parties to this Order may correct their confidentiality designations or lack thereof and shall furnish to all counsel a second time at its own expense, copies of the documents for which there is a change in designation. In

the case of a document or information which is entitled to confidential treatment, but is not originally designated as confidential at the time of production, the document or information shall be subject to all of the protections afforded confidential documents and information under this Order immediately following a party's written notification to the other party that the document or information is confidential.

10. Nothing in this Order shall prevent any Plaintiff or Defendant from using or disclosing her or its own documents or information, regardless of whether they are designated confidential.

11. Any written notifications made to a party pursuant to this Order shall be directed to counsel of record for the receiving party.

DONE and ORDERED this the _____ day of April 2008.

_____
United States District Court Judge

6174357.1